**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

AZEEZ MUHAMMAD                                                                    PLAINTIFF

v.                                               5:15CV00240-DPM-JTK

JERALD ROBINSON, et al.                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

1

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.      Introduction

Plaintiff Azeez Muhammad is an inmate at the W.C. "Dub" Brassell Adult Detention Center (Jail).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and failure to respond to grievances following an incident which occurred at the jail on April 25, 2015. Plaintiff asks for damages from Defendants.

Pending before the Court is the Motion for Summary Judgment, Brief, and Statement of Facts, filed by Defendants Bolin, Adams and Tyler.[1] (Doc. Nos. 19-21) Plaintiff filed responses to the Motion (Doc. Nos. 24-27).

## II.     Complaint

On April 25, 2015, at approximately 10:30 p.m., while incarcerated at the Jail as a pretrial detainee, Plaintiff passed out and hit his head on the floor. (Doc. No. 2, p. 4) When he regained consciousness, he was placed in a room and was soaked with urine. (Id.) Someone told him they used a smelling solution placed inside his nose to try and wake him, which caused scars and burning to his nose. (Id.) Although several staff persons were present at the time, no medical staff was contacted that night to check on Plaintiff. (Id.) After the incident Plaintiff filed several sick call

---

[1]Defendant Robinson was dismissed on August 10, 2015 (Doc. No. 13).

requests and grievance forms, and failed to receive responses to many of these forms. (Id.)  He wrote

Defendants Adams, Bolin and Tyler about the incident. (Id.) He continues to suffer migraines and

neck pain as a result of the incident. (Id., p. 5)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears

the  initial  burden  of  identifying  'those  portions  of  the  pleadings,  depositions,  answers  to

interrogatories,  and  admissions  on  file,  together  with  the  affidavits,  if  any,  which  it  believes

demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d

1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.    Official Capacity

The Court agrees with Defendants that Plaintiff's monetary claims against them in their

official capacities should be dismissed, because he did not allege that their actions were taken pursuant

to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional

conduct.  A suit against a county official in his official capacity is the equivalent of a suit against the

county itself.  Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).  In order for a county to be held

liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. <u>Jane Doe A v. Special School District of St. Louis County</u>, 901 F.2d 642, 646 (8th Cir. 1990). Absent such an allegation, the Court finds the monetary claims against Defendants in their official capacities should be dismissed.

### B.      Individual Capacity

#### 1.      Grievances

The Court also agrees with Defendants that Plaintiff's complaints about unanswered and misdated grievances do not support a constitutional claim for relief. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (quoting <u>Azeez v. DeRobertis</u>, 568 F.Supp. 8, 10 (N.D.Ill. 1982)). Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." <u>Edgar v. Crawford</u>, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).

#### 2.      Denial of Medical Care

Defendants ask the Court to dismiss Plaintiff's medical care claims, based on his failure to provide evidence that they acted with deliberate indifference to a serious medical need. According to medical records, Plaintiff was seen by a nurse on May 6, 2015, and by a medical doctor on May 17, 2015. Plaintiff does not present evidence that Defendants were aware of his medical needs at the time of the occurrence, or that Defendants denied him medical care and treatment. In addition, Defendants state that Plaintiff does not place any verifying medical evidence in the record to establish the

detrimental effect of any delay in his medical treatment.  Finally, Defendants state that they are not liable because they are not medical professionals and because Plaintiff was adequately treated by medical personnel, citing Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

In response, Plaintiff complains that on the night of the incident, no medical personnel were called to assist him, and that no incident report exists concerning the incident.  He claims the staff on duty were not adequately trained to respond to his medical needs and that he suffered neck pain and migraines following the incident.  He states Defendants were made aware of the incident and did not respond within forty-eight hours or in a timely manner, as provided in the Jail handbook.  He claims all Defendants were deliberately indifferent to his medical needs and he complains about the treatment he received from the doctor he saw in May, 2015.

Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement.  Bell v. Wolfish, 441 U.S. 520, 535 (1979).  In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).  Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state

a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).

Furthermore, "a general responsibility for supervising the operations a prison is insufficient to establish the personal involvement required to support liability."  Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). A prison official who is "not involved in treatment decisions made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's diagnostic decision[s].'" Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Camberos, 73 F.3d at 176).  Finally, "if any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994) (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

Having reviewed the grievances and medical records provided to the Court by both parties, the Court finds no evidence of deliberate indifference by any of the three remaining Defendants. Plaintiff filed a grievance to Defendant Adams on April 27, 2015, stating that he passed out on April 25 and hit his head, that he was placed in a wheelchair and given smelling salts, but that no nurse

was called and no medical attention was given.  (Doc. No. 26, p. 22) Defendant Tyler responded to this grievance on April 28, 2015, stating that Plaintiff was seen by a nurse on April 27, when he was given Ibuprofen and antibiotic ointment.  (Id.)  Plaintiff responded by filing grievances on April 28, 2015, and May 3, 2015, again complaining that although he saw a nurse two days after the incident, no nurse or doctor was present to examine him on the night of the incident.  (Id., pp. 23-24) Plaintiff was assessed by a nurse on May 6, 2015, given more Ibuprofen, and placed on the doctor's list. (Doc.No. 20-3, p 3) He also was told to take the medication for three days and to contact medical if he continued to suffer a headache after that time. (Id.) He saw the doctor on May 14, 2015, complained about migraine headaches, and was prescribed 800 mg Ibuprofen on May 29, 2015 (Id., p. 6) According to the response to his May 12, 2015 grievance complaining about no incident report, Defendant Adams was not aware of the incident until Plaintiff filed that grievance (Doc. No. 26, p. 26).

At no time does Plaintiff allege that Defendants Bolin, Adams, and Tyler were present on the night of the incident, or were directly responsible for any allegedly reckless treatment of him. In fact, the record shows that the officials who tended to Plaintiff on the night of the incident tried to revive him with smelling salts, placed him in a wheelchair, and placed him in a separate room (Doc. No. 26, p. 22).  Although Plaintiff complains that Defendants failed to properly train the staff on performing medical treatment, he does not allege what medical treatment he should have been provided, other than to say he should have been treated by a nurse or doctor. He admitted that he saw a nurse two days later, that he already was taking Ibuprofen for pain (for wisdom teeth pain), and that medical professionals continued to see him and treat his pain.  (Doc. No. 26, pp. 24, 30, 32; Doc. No. 20-3) Plaintiff provides no evidence that Defendants prevented him from receiving medical treatment, and as non-medical professionals, they cannot be held liable for the treatment decisions

made by the medical professionals.  See Keeper v. King, 130 F.3d at 1314.

Therefore, even assuming Plaintiff's condition constituted a serious medical need, the Court finds no evidence to support a finding of recklessness or deliberate indifference on the part of any of the three Defendants, and finds as a matter of law that Defendants' Motion should be granted.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 19) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 27th day of April, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE